# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2020

Lyle W. Cayce
Clerk

No. 19-51185
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MISAEL MATAMOROS-SANCHEZ, also known as Jesus Manuel Claudio Torres, also known as Misael Sanchez, also known as Misael Matamoros, also known as Misael Matamoros Sanchez, also known as Jesus Manuel, also known as Manuel Claudio Torres Jesus, also known as Jesus Manuel Claudio-Torres, also known as Jesus Claudio-Torres, also known as Jesues Manuel Claudio Torres, also known as Misael Matamorossanchez, also known as Misael Sanchez-Matamoros,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-174-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Misael Matamoros-Sanchez pleaded guilty to illegal reentry following removal in violation of 8 U.S.C. § 1326. He appeals the denial of his motion to dismiss the indictment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51185

Matamoros-Sanchez maintains that his order of removal was defective—and, thus, his removal was void—because the notice to appear did not specify a date and time for the removal hearing; he suggests that the invalidity of his removal precludes it from being used to support his illegal reentry conviction. Further, he asserts that he may attack collaterally his removal order under § 1326(d) because the insufficiency of the notice to appear invalidated the removal proceeding, excused him from having to establish administrative exhaustion and deprivation of judicial review, and rendered the proceeding fundamentally unfair. Matamoros-Sanchez acknowledges that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *cert. denied*, No. 19-6588, 2020 WL 2515686 (U.S. May 18, 2020), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, No. 19-779, 2020 WL 1978950 (U.S. Apr. 27, 2020), and indicates that he raises the issues to preserve them for further review.

The Government agrees that the issues are foreclosed by *Pedroza-Rocha* and *Pierre-Paul* and has filed an unopposed motion for summary affirmance. Alternatively, the Government requests an extension of time to file a brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In *Pierre-Paul*, this court determined that a notice to appear that omits the date, time, or place of a removal hearing is not defective and, in any event, the defect would not be jurisdictional. 930 F.3d at 689-93. Applying *Pierre-Paul*, this court in *Pedroza-Rocha* concluded that the notice to appear was not deficient, that the purported deficiency would not deprive the immigration court of jurisdiction, and that the defendant had to exhaust his administrative remedies before he could collaterally attack his removal order. 933 F.3d at 496-98. Therefore, the arguments that Matamoros-Sanchez has

2

No. 19-51185

asserted on appeal are foreclosed. *See Pedroza-Rocha*, 933 F.3d at 496-98; *Pierre-Paul*, 930 F.3d at 689-93.

Accordingly, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgment of the district court is AFFIRMED.